**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAYESHKUMAR MISTRY,<br><br>          Petitioner,<br><br>    v.<br><br>ERIC ROKOSKY, *et al*<br>*In His Official Capacity as Warden of*<br>*Elziabeth Contract Detention Center*<br><br>       Respondents. | Civil Action No. 25-17647 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the filing of a counseled status update letter (Request) by Petitioner Jayeshkumar Mistry requesting that the Court "review whether Petitioner was afforded a constitutionally adequate and fair bond hearing proceeding." (ECF No. 6 at 2.) According to his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 1241 (Petition),[1] Petitioner is currently being held in immigration detention at the Elizabeth Contract Detention Facility in Elizabeth, New Jersey. (ECF No. 1 ¶ 23.) For the reasons stated below, Petitioner's Request is **GRANTED**.

Petitioner filed his Petition on November 17, 2025. (ECF No. 1.) On December 10, 2025, the Court entered the following Text Order:

---

[1]     Petitioner names as Respondents (in their official capacities): Jonathan Florentino, Acting Director of the Newark, NJ Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; and Kristi Noem, the then-Secretary of Homeland Security. (ECF No. 1 ¶¶ 24-26.)

TEXT ORDER: This matter is before the Court on Petitioner's petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondents to file an expedited answer to the Petition. (ECF No. 2 ("Order to Answer").) The Order to Answer (ECF No. 2) is VACATED. Pursuant to the All Writs Act, see 28 U.S.C. § 1651(a), Respondents SHALL NOT TRANSFER Petitioner from the District of New Jersey, and SHALL NOT REMOVE Petitioner from the United States, pending further order of this Court. According to Petitioner, Respondents are presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to a July 8, 2025 Department of Homeland Security policy and the decision of the Board of Immigration Appeals in *In Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1 [¶¶] 72-73.) Under this Court's recent decision in *Chen v. Soto*, No. 25-17198, 2025 WL 3527239 (D.N.J. Dec. 9, 2025), the Court holds that Petitioner is subject to detention under 8 U.S.C. § 1226(a), which requires an opportunity to seek bond, *id.* at *2-4. Specifically, it appears that: (1) Petitioner entered the United States on May 18, 2023; (2) the June 3, 2023 Notice to Appear alleges that Petitioner is a non-citizen present without admission or parole; (3) on June 20, 2023, Petitioner was conditionally paroled under 8 U.S.C. § 1226(a)(2)(B); (4) Petitioner has continuously resided in this country for approximately two years and has no criminal record; and (5) on October 4, 2025, in the interior of the United States, Petitioner was arrested by U.S. Immigration and Customs Enforcement agents at a routine check-in. (Pet. [¶¶] 59-60, 62-65, 69-70.) Based on these alleged facts, *Chen* controls this present matter. *Chen*, 2025 WL 3527239, at *4. **In accordance with 8 U.S.C. § 1226(a), within seven (7) days of the date of entry of this Text Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.** If Respondents contend that *Chen* does not control, they shall file an expedited answer within five (5) days of the date of entry of this Text Order, and Petitioner may file a reply within three (3) days of the date of filing of Respondents' expedited answer. So Ordered by Judge Georgette Castner on 12/10/2025.

(ECF No. 3.)

On December 15, 2025, Respondents filed an expedited letter answer arguing that *Chen* does not control the present matter.  (ECF No. 4.)  On the next day, Respondents provided notice

2

to the Court that, on December 15, 2025, Immigration Judge ("IJ") Arya Ranasinghe held a bond hearing and denied Petitioner's request for release from custody on bond, finding that Petitioner is a flight risk.  (ECF No. 5.)

In his December 16, 2025 Request, Petitioner asks the Court to "review whether Petitioner was afforded a constitutionally adequate and fair bond hearing proceeding, including whether the [IJ] (1) applied the correct legal framework under [§ 1226(a)]; (2) made an individualized assessment of danger and flight risk supported by evidence actually produced; and (3) improperly relied on unproduced allegations referenced in the Form I-213 to deny liberty."  (ECF No. 6 at 2.) Petitioner requests "appropriate relief" in the form of either an order directing his immediate release or a new custody redetermination.  (*Id.*)  In support of the Request, Petitioner attaches an affidavit executed by the attorney who represented him at the bond hearing (Immigration Counsel Affidavit).  (ECF No 6-1.)

On December 19, 2025, the Court entered a Text Order directing Petitioner to file a reply to Respondents' argument in their letter answer that Petitioner is properly detained under 8 U.S.C. § 1225(b)(1)(B)(ii) and specifically address (1) *Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025), and (2) the statutory basis for Petitioner's parole (*i.e.*, 8 U.S.C. § 1182(d)(5)(A) or § 1226(a)(2)(B)).  (ECF No. 7.)  Petitioner filed this submission on December 25, 2025, and he also submitted two additional letters (on December 23, 2025 and December 25, 2025, respectively).  (ECF Nos. 8-10.)  On December 29, 2025, the Court entered the following Text Order:

> TEXT ORDER: Within seven (7) days of the date of entry of this Text Order, Respondents shall file a response to Petitioner's December 23, 2025 letter (ECF No. 8) and December 24, 2025 letter (ECF No. 9) and his response (ECF No. 10). Respondents' submission shall address: (1) Petitioner's specific request for an order Respondents to produce DHS records establishing Petitioner's

parole, or alternatively permitting limited, expedited discovery on this issue (ECF No. 8 at 1; *see also id.* at 2 (specifically requesting Form I-94, any parole authorization documents, parole termination notices, custody determination records, and relevant ERO/ENFORCE/EARM notes reflecting parole, parole termination, custody screening, or classification)); (2) Petitioner's argument that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because the expedited removal order is legally deficient and not in compliance with 8 C.F.R. § 2533(b)(2) and he was subsequently paroled and placed in full removal proceedings (and the notice to appear commencing such proceeding did not charge him as an arriving alien) (ECF No. 10 at 12-13); and (3) Petitioner's contention that, "[w]here a petitioner's arrest and detention are unlawful from the outset, the commensurate and appropriate equitable remedy is immediate release" and that, under this principle, courts have routinely rejected the Government's attempt to salvage such unlawful detention through post hoc justifications (*id.* at 18-19). Within five (5) days of the date of filing of Respondents' response, Petitioner may file a reply to the response. So Ordered by Judge Georgette Castner on 12/29/2025.

(ECF No. 11.)  Respondents responded on January 5, 2026, and Petitioner replied on January 6, 2026.  (ECF Nos. 12-13.)

On January 28, 2026, the Court entered a Memorandum and Order (January 28, 2026 Memorandum and Order) granting the Petition to the extent that Respondents shall treat Petitioner as detained under § 1226(a) and ordered Respondents to file a response to Petitioner's assertions in his Request that he was not given a constitutionally adequate and fair bond hearing and to submit with this response any record of the bond hearing, including any audio recording or transcripts, and any documents reflecting the factual and/or legal bases for the IJ's decision to deny bond. (ECF No. 15 at 9.)

On January 30, 2026, Respondents filed their response to the Request (ECF No. 16) and submitted to the Court (and served on Petitioner) an audio recording of the bond hearing (which has been reviewed by the Court) and documentation that was filed with the IJ in connection with

4

the hearing.  In addition, Respondents move to seal this documentation (Motion to Seal). (ECF No. 17.)

On March 25, 2026, Petitioner filed a letter (Prolonged Detention Letter) arguing that "Petitioner's Continued Detention under § 1226(a) Has Become Constitutionally Unreasonable" and requesting immediate release.  (ECF No. 18 at 1.)  The Court entered the following Text Order on March 27, 2026:

> TEXT ORDER: This matter comes before the Court on Petitioner's letter filed on March 25, 2026 ("March 25, 2026 Letter"). (ECF No. 18.) Within seven (7) days of the date of entry of this Text Order, Respondents shall file a response to the March 25, 2026 Letter. Within five (5) days of the date of filing of the response, Petitioner may file a reply to the response. In addition, within seven (7) days of the date of entry of this Text Order, Respondents shall file and serve, under temporary seal, "Exhibit #1 to Respondents' Letter Response, ECF No. 16." So Ordered by Judge Georgette Castner on 3/27/2026. (jmh) (Entered: 03/27/2026)

(ECF No. 19.)  Respondents filed a response to the Prolonged Detention Letter on April 1, 2026. (ECF No. 20.)

On April 7, 2026, Petitioner filed an amended habeas petition (Amended Petition).  (ECF No. 21.)

This Court does not have jurisdiction to review an IJ's discretionary decision to grant or deny bond; however, it may review whether a bond hearing was fundamentally unfair and thus violated the Due Process Clause of the Fifth Amendment.  *See, e.g.*, *Ghanem v. Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (not precedential).  "In a fundamentally fair bond hearing, due process has three essential elements. 'An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Id.* (alteration in original) (quoting *Kamara*

*v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

In his Request, Petitioner argues that he did not receive "the process due" because the bond denial was based on "allegations that DHS never substantiated with the underlying records referenced in the government's paperwork, nor was Petitioner given a meaningful opportunity to review the evidence and defend against it." (ECF No. 6.)  Specifically, the bond denial relied on supervision or reporting violation allegations set forth in a Form I-213 Record of Deportable/Inadmissible Alien ("I-213").  (*Id.* at 2.)  DHS provided this I-213 to Petitioner on the day of the bond hearing.  (*Id.*)  According to Petitioner, "Petitioner, who was detained and appeared by video, was not able to inspect the contents or veracity of the statements made in this new and never seen before Form I-213.  Likewise, Petitioner's counsel was not able to speak to Petitioner about the claims that DHS set forth."  (*Id.* ("The Immigration Judge also allowed the statements into the record without allowing Petitioner and his immigration counsel an opportunity to review and make meaningful objections to the evidence submitted.").)  Petitioner also challenges DHS's failure to produce the "underlying evidence" purportedly supporting the allegations of reporting or supervision violations, noting that the IJ credited allegations that appear to be drawn from internal databases or supervision records, without requiring DHS to produce appointment notices, reporting logs, ATD (Alternatives to Detention) or ISAP (Intensive Supervision Appearance Program) histories, officer notes, screenshots or other corroborating documentation.  (*Id.*)  Petitioner asserts that his liberty was denied based on "material information that was never disclosed in an evidentiary form—functionally, 'secret evidence'—without a meaningful opportunity to confront it."  (*Id.* (further noting that DHS had previously released Petitioner under § 1226(a) and did not meaningfully address this prior release determination or identify record evidence demonstrating a material change in circumstances).)

6

Furthermore, Petitioner's immigration counsel avers that the IJ not only improperly relied on unsubstantiated ATD allegations but also on "the DHS's Motion to Pretermit [Petitioner's] asylum claim and the applicability of the Circumvention of Lawful Pathways (CLP) rule."  (ECF No. 6-1 at 2.)  According to the Immigration Counsel Affidavit, "in a striking coincidence, [DHS] also filed a Motion to Pretermit Petitioner's asylum application early that same morning," and "[t]he last-minute nature of these filings—submitted without adequate notice" mean that Petitioner was not afforded a meaningful opportunity to respond to the new allegations.  (*Id.*)  Immigration counsel asserts that IJ Ranasinghe improperly credited DHS's argument that Petitioner failed to demonstrate that he qualified for a CLP exception or that he could successfully oppose DHS's motion to pretermit, conflating the standards for asylum relief with the standards applicable to bond determinations (whether the petitioner poses a flight risk or a danger to the community).  (*Id.*) Finally, the immigration attorney asserts that her client voluntarily complied with ICE reporting requirements and has a viable claim for relief and no criminal history, and that DHS already deemed him eligible for parole.  (*Id.*)

In the January 27, 2026 Memorandum and Order, the Court specifically ordered Respondents to answer Petitioner's assertions in his Request that he was not afforded a constitutionally adequate and fair bond hearing and noted that failure to comply shall result in "an order of immediate release without further notice."  (ECF No. 15 at 9.)  However, Respondents do not answer Petitioner's specific claims regarding the fairness of the bond hearing.  Instead, Respondents note that the respective attorneys filed documentary evidence in advance of the hearing, Petitioner acknowledges that the IJ held the hearing and addressed the record evidence (including the I-213), IJ Ranasinghe concluded that Petitioner had not met his burden to prove he is not a flight risk, and Petitioner "claims, in essence, that IJ Ranasinghe did not properly weigh

the evidence before her and unfairly found Petitioner to be a flight risk notwithstanding the fact that Petitioner was paroled in May 2023." (ECF No. 16 at 1-2.) After summarizing the facts and reasoning in *Ghanem*, Respondents baldly state that the "[s]ame reasoning applies here" because Petitioner was represented by counsel who submitted lengthy written submissions and exhibits, both parties engaged in an adversarial proceeding before the decisionmaker, the IJ evaluated the evidence submitted by the parties, and Petitioner's disagreement with the IJ's weighing of the evidence, credibility assessments, and ultimate determination does not render the proceeding fundamentally unfair. (*Id.* at 2-3.) Respondents do not mention Petitioner's claims that IJ Ranasinghe relied on the I-213's allegations of supervision or reporting violations; Petitioner was not able to review the "new and never seen before Form I-213;" and Petitioner's immigration counsel was unable to speak to Petitioner about the alleged violations. (ECF No. 6 at 2.) Likewise, Respondents fail to acknowledge the "striking coincidence" that DHS "also filed a Motion to Pretermit [Petitioner's] asylum application early that same morning" and that this last-minute filing "raises serious due process concerns." (ECF No. 6-1 at 2.)

Given the deficiencies in the Response to the Request, and pursuant to the Court's January 27, 2026 Memorandum and Order, the Court concludes that Petitioner is entitled to relief under *Ghanem*. *See Perez Lazo v. Florentino*, No. 25-18952, 2026 WL 1031267, at *3 (D.N.J. Apr. 16, 2026) ("Petitioner was denied a fundamentally fair hearing because the IJ prevented Petitioner from testifying at his bond hearing to respond to the assertion in a DHS document indicating that he committed ATD violations." (citing *Barberan Carrion v. Field Office Dir. of Immigr. & Customs Enf't*, No. 26-0004, 2026 WL 735195, at *2 (D.N.J. Mar. 16, 2026))); *Barberan Carrion*, 2026 WL 735195, at *2 ("A detainee cannot be required to carry a burden of proof while simultaneously being denied the opportunity to present the evidence necessary to meet it. Judge

8

Cordero Gonzalez' refusal to allow Petitioner even minimal time to obtain the documents he identified effectively foreclosed any meaningful evidentiary presentation."). The Court further notes that it is undisputed that Petitioner has no criminal record and DHS previously deemed him eligible for parole. (*See* ECF No. 6-1 at 2.)

Based on these circumstances, the Court declines to order a second bond hearing and instead concludes that the appropriate remedy is immediate release from immigration detention. *See Zheng v. Rokosky*, --- F. Supp. 3d ---, No. 26-1689, 2026 WL 800203, at *8 (D.N.J. Mar. 23, 2026); *Barberan Carrion*, 2026 WL 735195, at *3. "Indeed, this Court, following many others around the country, no longer orders even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because . . . doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Zheng*, 2026 WL 800203, at *11 (footnote omitted); *see also Nolasco Bravo v. Soto*, No. 26-4235, ECF No. 3 (Apr. 24, 2026).

**IT IS**, therefore, on this 27th day of April, 2026, **ORDERED** as follows:

1.  Petitioner's Request (ECF No. 6) is **GRANTED**.

2.  Within twenty-four (24) hours of the time of entry of this Memorandum and Order, Respondents **SHALL RELEASE** Petitioner from immigration detention, subject to the prior terms of supervision, if any, in effect at the time he was detained, and provide written notice to the Court of Petitioner's release from custody.

3.  Respondents' unopposed Motion to Seal Exhibit 1 (ECF No. 17) is **GRANTED**, and the Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 17.

4.  Within three (3) days of the date of entry of this Memorandum and Order, Respondents shall file on the docket under seal Exhibit 1.

_____
GEORGETTE CASTNER
United States District Judge

10